107 F.3d 924
 323 U.S.App.D.C. 291
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Wilbert B. WARREN, Appellant.
 No. 96-3048.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1997.
 
 Before SILBERMAN and SENTELLE, Circuit Judges, and BUCKLEY, Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b). On consideration thereof, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the district court's decision be affirmed. In light of our decision in United States v. Warren, 42 F.3d 647 (D.C.Cir.1994), the district court correctly held that Wilbert Warren was precluded by the law-of-the-case doctrine from arguing that the 2.47 grams of crack cocaine found in a cigarette pack was possessed for his personal use and not for distribution.
 
 
 3
 The law-of-the-case doctrine is a prudential rule whereby "a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases." Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739-40 (D.C.Cir.1995). The doctrine precludes questions "decided by necessary implication as well as those decided explicitly." United States v. Singleton, 759 F.2d 176, 178 (D.C.Cir.1985) (internal quotation marks and citations omitted).
 
 
 4
 At the original sentencing, defense counsel
 
 
 5
 urge[d] the [District] Court to calculate the Guidelines concerning the amount of drugs involved, either on the amount of 2.47 grams, which was in the Newport pack that Mr. Warren admitted was his package and the drugs he was using during his testimony; or on the total 4.42 grams of drugs that include those that Ms. Washington also was using, that Mr. Warren could understandably be found to be possessing and have possessed with the intent to distribute.
 
 
 6
 Transcript of Sentencing Hearing, dated April 8, 1993 ("Sent.Tr.") at 4. The district court rejected the suggestion and found "that the defendant possessed not only the drugs which he admitted to possessing," but the remainder of the drugs discovered in the room he was occupying at the time of his arrest, for a total of approximately 36 grams. Id. at 12.
 
 
 7
 Warren now argues, as he did in his first appeal, that in sentencing him, the district court should have excluded the 2.47 grams from the total because it was possessed for his personal use only. In the first appeal, we noted the contradiction between Warren's position at sentencing and the one urged on appeal, and concluded that the evidence would support a finding that the entire 36.12 grams was held for distribution. Nevertheless, Warren now argues that the law-of-the-case doctrine does not apply because the issue of whether the 2.47 grams was possessed with the intent to distribute had not previously been decided. While the record does not contain an explicit finding to that effect, an admission that the 2.47 grams were intended for distribution was implicit in Warren's argument at the first sentencing hearing that he "could understandably be found to be possessing and have possessed with the intent to distribute" the 4.42 grams found on his bed, which included the 2.47 grams in the cigarette pack. See Sent.Tr. at 4. In fact, this was clearly the basis for our assertion, in Warren, that "[b]ased on the evidence offered at trial and Warren's arguments at sentencing, the trial judge could properly find that Warren possessed 36.12 grams of crack cocaine with intent to distribute." 42 F.3d at 658 (emphasis added). Accordingly, he may not argue that the issue he now raises was not addressed and disposed of in that case.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.